﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190508-11463
DATE: March 31, 2020

ORDER

An effective date of September 13, 2016, but no earlier, for service connection of back strain is granted.

REMANDED

Entitlement to service connection for neoplasm of the kidney, cancer to include as secondary to Agent Orange, is remanded.

Entitlement to service connection for high blood pressure/hypertension is remanded.

FINDINGS OF FACT

After the final August 2015 decision, the Veteran did not file a formal or informal claim for service connection for a back disorder until September 13, 2016. 

On a September 13, 2016 VA 21-4138, the Veteran submitted a statement in support of claim that is construed as an intent to file a claim of service connection for a back disorder. 

On an August 15, 2017 VA 21-526EZ, the Veteran filed an application for service connection for a back disorder. 

CONCLUSIONS OF LAW

The criteria for entitlement to an effective date of September 13, 2016, but no earlier, for service connection for back strain have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from December 1965 to December 1967 with service in Vietnam. 

A February 2016 decision issued by the Department of Veterans Affairs (VA) regional office (RO) denied service connection for a neoplasm of the kidney, cancer (kidney cancer claimed as secondary to Agent Orange exposure) and high blood pressure/hypertension. The Veteran filed a notice of disagreement (NOD) with this rating in June 2016. A statement of the case (SOC) addressing these claims was issued in July 2017 and a substantive appeal was submitted in August 2017 perfecting this appeal. Additionally, the Veteran initiated an appeal with an August 2017 rating, which confirmed and continued a previous denial of service connection for a back disorder by filing a NOD in October 2017. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 

The Veteran selected the supplemental claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in May 2018.

Thereafter a December 2018 decision, which acknowledged the Veteran’s option to participate in RAMP under the Supplemental Claim lane option, granted service connection for back strain with an initial 20 percent rating effective August 15, 2017, and continued to deny service connection for kidney cancer and hypertension. Notice was sent later the same month. He filed a NOD in January 2019 which disagreed with the effective date assigned for service connection for the back disability and with the denials of service connection for hypertension and kidney cancer claims. In this NOD and in a RAMP opt-in-election also sent in January 2019, he requested higher level review of all appeal issues. Another higher-level review request was sent again in April 2019. 

In an April 2019 rating addressing this request for higher level review, the RO again denied the claims of service connection for kidney cancer and hypertension and denied an earlier effective date for service connection for the back disability. The Veteran filed a NOD (VAF 10182) with this higher-level review (HLR) in May 2019 and chose the evidence lane. Thus, the April 2019 HLR decision is the rating on appeal.

The December 2018 decision addressed whether new and relevant evidence had been received to reopen previously denied claims of service connection and the April 2019 higher level review confirmed the prior denial. The Board notes that the Veteran filed the supplemental claim solely to opt in to RAMP and this was not a legacy claim to reopen. Hence, new and relevant evidence was not required, as the supplemental claim was merely a mechanism to request AMA review of an appeal. As such, the Board need not adjudicate the reopening of the claims and may proceed to the merits of the service connection claims.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Specifically, outpatient VA records were added in October 2019. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to an earlier effective date than August 15, 2017 for service connection of back strain (also claimed as low back strain) is granted.

The Veteran alleges that an effective date prior to August 15, 2017 for the award of service connection for low back strain is warranted. In a May 2019 statement in support of claim, he alleged that the RO had the wrong dates written up in its adjudications. 

The statutory and regulatory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. The effective date of an evaluation and an award of compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date the claim was received, or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400. The provisions of 38 C.F.R. § 3.400 (b)(2) allow for assignment of an effective date the day following separation from active service if a claim is received within 1 year after separation from service.

Service connection was first denied for a back disorder in a December 1967 rating decision, with a January 1968 notification letter sent. The Veteran did not appeal, and no new and material evidence was received within a year of the rating decision, and the decision became final. 38 C.F.R. § 3.156 (b).

Thereafter he submitted a claim, VA 21-526 EZ on June 16, 2015 alleging entitlement to service connection for a back disorder. This claim was denied in an August 2015 rating decision, with notice sent on September 8, 2015. The Veteran did not appeal, and no new and material evidence was received within a year of the rating decision, and the decision became final. 38 C.F.R. § 3.156 (b).

Thereafter in a VA 21-4138 statement in support of claim faxed to the RO on September 13, 2016, and acknowledged by the RO to have been received that date, the Veteran submitted the following statement in connection with a claim for benefits; “Please use as additional evidence for my 2 NODs regarding my denial of service connection for…denial of back strain.” The Board notes that this receipt is one year and 5 days after the September 8, 2015 rating notice, and cannot serve as a timely NOD even with consideration of the 5-day mailbox rule under 38 C.F.R. § 20.305. See 38 C.F.R. §§ 20.202, 20.203. Faxes are a wholly distinct form of communication from mail, involving instantaneous, electronic communication through commercial telephone transmission networks, rather than delayed, physical communication through a governmental intermediary. The 3rd Circuit Court of Appeals described the mailbox rule as a common law development to aid in determining whether physical delivery to the Government has been accomplished. Phila. Marine Trade Ass’n-Int’l Longshoremen’s Ass’n Pension Fund v. Comm’r, 523 F.3d 140, 147 (3d Cir. 2008). Thus, this VA 21-4138 statement in support of claim faxed to the RO on September 13, 2016 cannot form the basis of an earlier effective date as a NOD with the August 2015 rating. 

On August 15, 2017, within one year of receipt of the September 13, 2016 VA 21-4138, the Veteran submitted a VA 21-526EZ form to claim service connection for low back strain. In a December 2018 decision, the RO granted the Veteran’s service connection claim effective from the August 15, 2017 VA 21-526EZ. 

Effective September 25, 2014, if a veteran submits an intent to file application, the veteran must submit “a complete application form prescribed by the Secretary” within one year of the submission of the intent to file application. 38 C.F.R. § 3.155 (b). Only by doing so can a veteran preserve the effective date of the submission of the intent to file application. Id. 

The Board construes the September 13, 2016 VA 21-4138 to be an intent to file application, as it mentions his back disorder in conjunction with a claim for benefits. As this was filed within one year of the August 15, 2017 VA 21-526EZ claim, the Board finds that it is appropriate to assign an effective date of September 13, 2016, but no earlier. See 38 C.F.R. § 3.400. 

Accordingly, an effective date of September 13, 2016 is assigned for entitlement to service connection for a back disorder. 

REASONS FOR REMAND

1. Entitlement to service connection for malignant neoplasm of the kidney (kidney cancer) to include as secondary to Agent Orange exposure is remanded

The Veteran contends that service-connection is warranted for kidney cancer, to include as secondary to his exposure to Agent Orange while serving in Vietnam. While this is not an enumerated disease under 38 C.F.R. § 3.309(e) the claim must nevertheless be reviewed to determine whether service connection can be established on a direct basis. Combee v. Brown, 34 F.3d 1039, 1043-1044 (Fed.Cir.1994).

The issue of entitlement to service connection for kidney cancer is remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a January 2016 VA examination addressing findings regarding the onset, treatment and residuals of kidney cancer but which failed to contain any medical opinion regarding the cancer’s etiology prior to the rating decision on appeal. 

The Board notes that the only etiology opinion of record is a May 2016 VA treating physician’s medical opinion which is favorable leaning, stating it is as likely as not that his Agent Orange exposure could contribute to his renal cell cancer. However, this opinion is equivocal and does not provide an adequate rationale regarding whether the Veteran’s kidney cancer had its onset in service or is otherwise related to service. See Polovick v. Shinseki, 23 Vet. App. 48 (2009) (a medical opinion is speculative when it uses equivocal language such as “may well be,” “could,” or “might”). 

Thus, the Board finds that this matter must be remanded for corrective action to obtain a medical opinion that addresses the etiology of the kidney cancer to include as due to Agent Orange exposure.

2. The petition to reopen a claim of service connection for hypertension is remanded.

The issue of entitlement to service connection for hypertension claimed as secondary to kidney cancer is remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a January 2016 VA examination addressing the etiology of hypertension as secondary to kidney cancer. The examiner, who appears to have presumed that the kidney cancer is service connected, gave an unfavorable opinion finding that the hypertension was not directly caused by the kidney cancer. The examiner reasoned that the hypertension pre-existed the cancer by several years. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s hypertension is aggravated by the kidney cancer disability.

Thus, the Board finds that this matter must be remanded for corrective action to obtain a medical opinion that addresses whether his hypertension is aggravated by his kidney cancer disability.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s kidney cancer is at least as likely as not related to his in-service Agent Orange exposure. The opinion should be accompanied by an adequate rationale.

(Continued on the next page)

 

2. Thereafter, if the development from paragraph #1 results in a finding that the Veteran’s kidney cancer is related to his Agent Orange exposure, obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s hypertension is at least as likely as not aggravated beyond its natural progression by his kidney cancer and/or its residuals. The opinion should be based on adequate rationale. If aggravation is found, the examiner should attempt to identify the baseline level of disability prior to such aggravation

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Carol Eckart

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.